UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. _____

| | |
|---|---|
| LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT, DIVISION OF RISK MANAGEMENT | PLAINTIFF |
| VS. | |
| ICAROM, PLC (formerly known as the Insurance Corporation of Ireland, LTD) | DEFENDANT |

\* \* \* \* \*

Comes the Plaintiff, Lexington Fayette Urban County Government, Division of Risk Management (hereinafter "LFUCG"), and for its Complaint against the Defendant, ICAROM, plc (formerly known as Insurance Corporation of Ireland LTD), states as follows:

## PARTIES

1.   The LFUCG is a merged city government entity, which is a political subdivision of the Commonwealth of Kentucky, and operates pursuant to the laws of that state in Lexington, Fayette County, Kentucky.

2.   ICAROM, plc (formerly known as the Insurance Corporation of Ireland LTD, hereinafter referred to as "ICAROM") is an instrumentality or agency of a foreign state pursuant to 28 USC 1603(b), said state being the Republic of Ireland.

## JURISDICTION AND VENUE

3.   Jurisdiction is proper in the United States District Court pursuant to 28 USC 1330 and the Foreign Sovereign Immunities Act, 28 USC 1602, et seq.

4.   Venue is proper in the Central Division of Lexington because the claims of

617201.2

this case arise out of an insurance policy issued to the LFUCG in Lexington, Fayette County, Kentucky.

## BACKGROUND

5.  The Insurance Company of Ireland issued to the LFUCG a professional package, Insurance Policy No. NA C2 480, for a term beginning March 1, 1982, and ending July 1, 1985.

6.  Some time, after the issuance of this Policy, the Insurance Corporation of Ireland was succeeded by ICAROM.

7.  ICAROM is a successor in all interests and liabilities, and is subject to any and all claims which could be brought against the Insurance Corporation of Ireland pursuant to Insurance Policy No. NA C2 480 (hereinafter the "Policy").

8.  By the terms of the Policy, ICAROM/Insurance Corporation of Ireland insured the LFUCG from including, but not limited to, all real and personal property and liabilities or coverages pursuant to Coverages G: Comprehensive General Liability including police and foreign liabilities; and J: Public Official's Liability.

9.  Pursuant to the terms of the Policy, ICAROM/Insurance Corporation of Ireland was and is obligated to indemnify the Plaintiff for such covered damages which exceeded the amounts of the self-insured retentions set forth in the Policy, which is $25,000.

10. Two legal actions have been instituted against the Plaintiff:

    a.  On May 5, 2000, _John Does 1-9, and others similarly situated, v. LFUCG, its predecessor The City of Lexington et al._, was filed under Case No. 00-CI-166-WOB ; and

b.  On September 25, 2002 <u>John Doe 1-33 and Jane Doe 1-5, and others similarly situated v. LFUCG, its predecessor The City of Lexington, et al</u>, was filed under Case No. 02-439-JMH.

11.  Of the claims filed in the above referenced cases, at least five (5) of the John/Jane Doe Plaintiffs (hereinafter generally "Doe(s)" made allegations against the LFUCG falling between March 1, 1982, and July 1, 1985 (hereinafter referred to as "the Claims").

12.  The Claims are covered by ICAROM/Insurance Corporation of Ireland's Policy.

13.  LFUCG notified ICAROM/Insurance Corporation of Ireland and/or any of its predecessors of the Claims through its authorized agents at the outset of the lawsuit

14.  LFUCG notified and advised ICAROM/Insurance Corporation of Ireland and/or any of its predecessors from time to time of the status of the Claims throughout the litigation.

15.  At no time did ICAROM/Insurance Corporation of Ireland exercise its right under the policy to select substitute counsel and/or participate in the defense.

16.  The LFUCG settled five (5) of the Does' Claims covered by ICAROM/Insurance Corporation of Ireland's Policy.

17.  The aforesaid settlements were reasonable under the circumstances.

18.  On August 13, 2005, the LFUCG forwarded deposition transcripts of the Does, demonstrating that the allegations and the Claims made by those Does fell within the Policy period.

19.  On or about December 13, 2005, counsel for ICAROM/Insurance Corporation of Ireland requested more information regarding the claims and any settlement information.

20. Upon receipt of said request, the LFUCG provided ICAROM/Insurance Corporation of Ireland with more information of the claims and the ultimate damages it incurred in settling the claims that arose during the Policy period.

21. The LFUCG provided ICAROM/Insurance Corporation of Ireland the opportunity to review additional information at the local Lexington, Kentucky office.

22. ICAROM/Insurance Corporation of Ireland did not request any additional information.

23. ICAROM/Insurance Corporation of Ireland did not take the opportunity to conduct further investigation.

24. ICAROM/Insurance Corporation of Ireland has not objected to nor raised any issue regarding the settlement of said claims nor the amounts thereof.

25. The LFUCG has on a number of occasions requested the status of the Claims.

26. ICAROM/Insurance Corporation of Ireland has not defended the Claims on behalf of the LFUCG nor participated in its defense.

27. ICAROM/Insurance Corporation of Ireland has not reimbursed the LFUCG for monies paid in settling the Claims falling within the Policy period.

28. ICAROM/Insurance Corporation of Ireland has not reimbursed the LFUCG for costs and attorneys' fees paid regarding the Claims falling within the Policy period.

29. ICAROM/Insurance Corporation of Ireland , has not denied the Claim made to it by the LFUCG.

**COUNT I**
**BREACH OF CONTRACT**

The Plaintiff adopts by reference and incorporates all statements contained within the Complaint as if set out fully herein at length in support of Count I.

30. ICAROM/Insurance Corporation of Ireland has failed to indemnify LFUCG for its covered losses submitted by the LFUCG and, as a result, has breached the terms of the Policy.

31. ICAROM/Insurance Corporation of Ireland failed to deny coverage for said covered losses and has breached the terms of the policy.

32. Wherefore, the LFUCG is entitled to recover from the Defendant all sums paid for the Claims within the Policy period in excess of the self-insured retentions.

## COUNT II
## ESTOPPEL

The Plaintiff adopts by reference and incorporates all statements contained within the Complaint as if set out fully herein at length in support of Count II.

33. ICAROM/Insurance Corporation of Ireland has never explained why it has not paid the Claims.

34. ICAROM/Insurance Corporation of Ireland has unjustifiably and unreasonably delayed in responding to the Claims.

35. To the extent permitted by Kentucky law, ICAROM/Insurance Corporation of Ireland is estopped and/or has waived its rights, if any, to deny the Claims.

## COUNT III
## VIOLATION OF THE KENTUCKY UNFAIR CLAIMS SETTLEMENT STATUTE

The Plaintiff adopts by reference and incorporates all statements contained within the Complaint as if set out fully herein at length in support of Count III.

36. ICAROM/Insurance Corporation of Ireland has further violated the provisions of KRS 304.12-230, the Kentucky Unfair Claims Settlement statute, by, among other things:

    a. failing to acknowledge and to act reasonably and promptly upon communication with respect to claims arising under the Policy;

    b. refusing to pay the LFUCG's claim without conducting a reasonable investigation based upon all available information;

    c. failing to affirm or deny coverage of the LFUCG's claim within a reasonable time; and

    d. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the LFUCG's claim and failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts for its refusal to pay the claim.

37. The LFUCG is entitled to all relief it is entitled under KRS 304.12-230, the Kentucky Unfair Claims Settlement statute.

## COUNT IV
## BAD FAITH

The Plaintiff adopts by reference and incorporates all statements contained within the Complaint as if set out fully herein at length in support of Count IV.

38. By its actions with respect to the Policy described above, ICAROM/Insurance Corporation of Ireland has breached its fiduciary obligation to deal in good faith with the LFUCG for its benefit.

39. LFUCG has performed in a timely manner all conditions and covenants to be performed by it under the Policy.

40. All actions taken by the LFUCG with respect to the claim described above have been reasonable, and none have prejudiced the Defendant's ability to fulfill its contractual obligations.

41. The LFUCG has incurred, and will continue to incur, loss or damage within the coverage of the Policy as a result of the loss occurred.

42. As a further direct result of ICAROM/Insurance Corporation of Ireland's breach of the Policy and violation of the statute and common law as set forth above, the LFUCG has been forced to incur, and will continue to incur, additional consequential damages, including, without limitation, the cost of attorneys fees and other expenses in order to prosecute this action and all accumulated interest.

43. The LFUCG is entitled to recover from Defendant all losses set forth pursuant to Kentucky law, including, but not limited to actual losses and punitive damages.

WHEREFORE, the Plaintiff, Lexington Fayette Urban County Government, Division of Risk Management, demands judgment against the Defendant, ICAROM, plc/Insurance Corporation of Ireland, for:

1. Actual monetary damages which exceed any jurisdictional limit of this Court;

2. All equitable relief pled herein;

3. Punitive damages;

4. All pre-judgment and post-judgment interest at the maximum legal rate;

5. Reasonable attorneys fees and costs; and

6. Any further relief as this Court may deem proper.

      LESLIE PATTERSON VOSE
      STEPHANIE B. CHADWELL
      LANDRUM & SHOUSE LLP
      106 West Vine Street, Suite 800
      P.O. Box 951
      Lexington, KY 40588-0951
      Telephone: (859) 255-2424
      Facsimile: (859) 233-0308

      BY: /s/ Stephanie B. Chadwell
           ATTORNEYS FOR PLAINTIFF